IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-CR-102-RAW |
| ) | |
| CLAUDE J. JEFFERS, JR., ) | |
| ) | |
| Defendant. ) | |

**CONSENT MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S. § 3582(c)(2)**

The parties respectfully submit this Consent Motion requesting that the Court reduce Defendant Claude J. Jeffers sentence from 168 months imprisonment to 151 months imprisonment. The parties make this motion pursuant to 18 U.S.C. § 3582(c)(2) and USSG §§ 1B1.10 and 4A1.1(e)(as amended effective November 1, 2023). They request that the effective date of the Court's Order be the date the Order is entered. *See* USSG §1B1.10(e)(2). The basis for this motion is set forth below.

1. Federal courts are forbidden, as a general matter, to "modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c). However, this rule of finality is subject to a statutory exception. Specifically, 18 U.S.C. § 3582(c)(2) provides that, "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See also Hughes v. United States,* 584 U.S. ____, 138 S. Ct. 1765, 1773 (2018). This is a case in which the sentencing range has been

lowered, and the Court may thus impose a reduced sentence.

2.      This Court previously sentenced Defendant to 168 months imprisonment for a violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A), and 18 U.S.C. §§ 924(g) & 924(a)(2), based convictions of Possession with Intent to Distribute Methamphetamine and Felon in Possession of Firearm.  (Judgment, Doc. 45).  The PSR determined the guideline range by finding Mr. Jeffers was in criminal history category V and had an offense level 31, which resulted in a sentencing range of 168 to 210 months.  (PSR, Doc. 40, ¶ 65).  The Court sentenced Mr. Jeffers to the low end of the applicable guideline range.

3.      The PSR determined that Mr. Jeffers had ten criminal history points, and that was the basis for placing him in criminal history category V.  Two of the ten criminal history points were "status points" that were assessed because Mr. Jeffers was under a criminal justice sentence when he committed the offense of conviction.  (PSR, Doc. 40, ¶ 38).

4.      Effective November 1, 2023, as part of Guideline Amendment 821, the Sentencing Commission revised USSG §4A1.1(d) and replaced it with a new provision, §4A1.1(e).  The Guideline previously directed courts to assign two (2) additional criminal history points, which are denominated "status points," to defendants who committed the offense of conviction while under a criminal justice sentence, such as by being subject to a suspended sentence or on parole.  The new controlling provision, §4A1.1(e), provides that defendants with 7 or more criminal history points should only receive one "status point."  The Sentencing Commission promulgated §4A1.1(e) because its research demonstrated "that status points add little to the overall predictive value associated with the criminal history score."  Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index (2023), p. 51 (citing U.S. Sent'g Comm'n Recidivism of Federal Offender Released in 2010 (2021) and U.S. Sent'g Comm'n

Revisiting Status Points (2022)). Put simply, the Commission's research demonstrated that persons are not more likely to recidivate because they committed a federal crime while already under a sentence.

5.  All orders granting reduced sentences under Amendment 821 shall have effective dates no earlier than February 1, 2024. USSG §1B1.10(e)(2).

6.  Under revised USSG § 4A1.1(e), Mr. Jeffers would receive one status point, which lowers his criminal history score to 9 and moves him into criminal history category IV from category V. Based on offense level 31 and criminal history category IV, Mr. Jeffers' new guideline range would be 151 to 188 months of imprisonment.

7.  The parties have conferred and agree that a reduced sentence of 151 months imprisonment (the low end of the new guideline range) would be consistent with the Guidelines, as amended, and consistent with the sentence the Court previously imposed.

8.  Mr. Jeffers is also serving a concurrent sentence in Case No. 19-CR-43-RAW. Mr. Jeffers' projected release date for both cases is November 26, 2030. If the Court grants this Motion, Mr. Jeffers would likely discharge his total sentence in June 2029. Defendant would be on supervised release for 5 years.

WHEREFORE, Mr. Jeffers respectfully asks the Court to grant this consent motion by entering an order sentencing Mr. Jeffers to 151 months of imprisonment.

Respectfully submitted,

OFFICE OF THE FEDERAL PUBLIC DEFENDER

Scott A. Graham, Federal Public Defender

By: s/ Neil D. Van Dalsem
    Neil D. Van Dalsem, OBA No. 16326
    Assistant Federal Public Defender
    112 N. 7th Street
    Muskogee, Oklahoma 74401-6220
    Telephone: (918) 687-2430
    Counsel for the Defendant

and

By: s/ Linda A. Epperley
    Linda A. Epperley
    Office of the United States Attorney
    Eastern District of Oklahoma
    520 Denison Avenue
    Muskogee, OK 74401
    Telephone: (918) 684-5100
    Counsel for the Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I certify that on April 5, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s) who are all currently Assistant United States Attorneys: Jared Leaman and Robert A. Wallace.

This filing has also been served by email on Brooke Mosto of the Probation Office and Assistant United States Attorney Linda Epperley.

<u>s/ Neil D. Van Dalsem</u>